Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL XII[1]**

| | | |
|---|---|---|
| ELVIS MARTÍNEZ EVANGELISTA Y OTROS<br><br>Apelante<br><br>v.<br><br>FIRSTBANK PUERTO RICO Y OTROS<br><br>Apelada | KLAN202401050 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV06466 (808)<br><br>Sobre: DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de mayo de 2025.

Los apelantes, Elvis Martínez Evangelista y María Betancourt, comparecen ante nos mediante un escrito titulado *Apelación de Desestimación Bajo la Regla 10.2*. Nos solicitan la revisión y revocación de la *Sentencia* dictada 8 de octubre de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante el aludido dictamen, el foro primario desestimó la demanda presentada por los apelantes.

Por los fundamentos a continuación, revocamos la sentencia apelada.

**I.**

El caso de epígrafe tiene su origen en una demanda instada por FirstBank de Puerto Rico (FirstBank) en el caso -SJ2022CV06529-.[2] En el referido caso, FirstBank demandó a los apelantes en ejecución de hipoteca solicitando la ejecución de una

---

[1] Mediante Orden Administrativa OATA-2025-016 efectivo el 7 de febrero de 2025 la integración del panel fue modificada.
[2] Véase, Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 1

garantía prendaria hipotecaria, Finalmente, en dicho caso y a solicitud de FirstBank el foro primario ordenó el archivo con perjuicio de la demanda de epígrafe por desistimiento voluntario.[3] A raíz del pleito anterior, el 11 de julio de 2024, los apelantes presentaron la *Demanda* de epígrafe en contra de FirstBank por Daños y Perjuicios y Abuso del Derecho.[4]

En el presente caso, los apelantes alegaron que FirstBank fue negligente y abusó del derecho al radicar un pleito en contra de ellos, sobre un pagaré que había expirado. De hecho, al momento de la presentación de la Demanda había transcurrido más de 24 años desde su otorgamiento. Sostuvieron que FirstBank instó dicho pleito abusando del derecho y con la intención de perseguir maliciosamente a los apelantes, pues, tenía conocimiento de que el pagaré había vencido conforme el Código de Comercio y la Ley de Transacciones Comerciales. Para resumir, FirstBank había presentado un pleito en su contra sabiendo que no tenían derecho a lo solicitado. Por otro lado, los apelantes señalaron que la radicación de la demanda había sido frívola, temeraria, arbitraria, caprichosa y de mala fe con la intención de hostigar y causar daños y perjuicios. Resumieron que la persecución del banco les provocó daños emocionales, pérdidas económicas y conflictos familiares. En consecuencia, solicitaron una indemnización de $300,000.00 por daños y angustias mentales, así como una indemnización adicional al amparo del artículo 1538 del Código Civil de 2020.[5]

Por su parte, FirstBank, el 16 de septiembre de 2024, sin presentar la contestación a la *Demanda,* incoó un escrito titulado *Moción de Desestimación.* En esencia, señaló que la *Demanda* de epígrafe no expone una reclamación que justifique la concesión de

---

[3] Véase, SUMAC, Entrada Núm. 19 del pleito civil número SJ2022CV06529 (508).
[4] Véase, *Demanda*, págs. 1-9 del apéndice del recurso.
[5] Id.

un remedio.[6] Fundamentó su solicitud en que nuestro ordenamiento no reconoce la acción civil de daños y perjuicios como un remedio por la presentación de una demanda en su contra. Para el apelado el único remedio es la imposición de costas y honorarios de abogado. Adujo que solo se permite la causa de acción por persecución maliciosa cuando los hechos del caso revelan circunstancias extremas en que se acosa al demandante con pleitos injustificados e instituidos maliciosamente. Enfatizó el apelado que presentó la demanda ante la creencia que tenía una causa de acción a su favor. Puntualizó que al momento de adquirir el préstamo de Banco Santander y en el momento (asumimos que se refiere al presentar la demanda) no contaban con evidencia del saldo de la deuda o gestiones realizadas. Explicó que por tal razón presento la demanda y tres meses después, cuando el abogado del apelante asume la representación legal, presentó la desestimación del pleito. Sostuvo que el foro primario declaró ha lugar el desistimiento con perjuicio sin costas, gastos ni honorarios de abogados, determinación que advino final y firme sin que fuera cuestionada por el apelante. Por último, puntualizó que tampoco la parte apelante presentó una reconvención compulsoria no permitiendo las reglas de procedimiento civil que se presente una acción independiente basada en la misma transacción o evento que motivó la demanda. Es decir, que el apelante renunció a la causa de acción. Ante ello, solicitó la desestimación del caso.[7]

Luego de analizar los argumentos de las partes, el 8 de octubre de 2024, el foro primario dictó *Sentencia*.[8] El foro apelado expresó que:

> "[A]tendido el escrito titulado "*Moción de Desestimación*" presentado por la parte demandada el 16 de septiembre 2023 y habiendo expirado el término concedido a la parte demandante para presentar posición, este

---

[6] Véase, *Moción de Desestimación*, págs. 10-15.
[7] Id.
[8] Notificada el 8 de octubre de 2024.

Tribunal dispone lo siguiente: evaluada la posición de la parte demandada, los autos del presente caso y por los fundamentos expuestos por la parte demandada en su escrito, los cuales se hacen formar parte de la presente sentencia, se declara Ha Lugar la solicitud de desestimación presentada por la parte demandada".[9]

Insatisfechos, el 11 de octubre de 2024, los apelantes presentaron una *Moción Solicitando Reconsideración e Incluyendo Demanda Enmendada*. En ella, el propio abogado de la parte apelante aceptó que fue su error y sostuvo que no procedía castigar a sus clientes por su omisión. Suplicó se le aplicara la sanción al abogado. Afirmaron los apelantes que los argumentos de FirstBank ni siquiera eran defensas sino alegaciones erróneas de hecho y teorías inaplicables de derecho. Para los apelantes la solicitud de desestimación de FirstBank no cumplía con los criterios de una solicitud de desestimación bajo la regla 10.2 sino que era una interpretación acomodaticia de los hechos. Reclamaron su derecho a tener su día en corte y sostuvieron haber cumplido en el rigor de la regla 6.1 de Procedimiento Civil. Por tanto, solicitaron al foro primario que reconsiderara la desestimación de la reclamación.[10] Por su parte, el 28 de octubre de 2024, *FirstBank* presentó una *Oposición a Moción Solicitando Reconsideración e Incluyendo Demanda Enmendada* mediante la cual repitió los argumentos esbozados en la *Moción de Desestimación*.[11]

En respuesta, el 29 de octubre de 2024, el foro primario emitió *Resolución*, la cual notificó ese mismo día, en la cual, declaró *No Ha Lugar* a la *Solicitud de Reconsideración* presentada por los apelantes.[12]

Inconformes, los apelantes presentaron este recurso en el que señalan los siguientes errores:

---

[9] Véase, Sentencia, pág. 16 del apéndice.
[10] Véase, *Moción Solicitando Reconsideración e Incluyendo Demanda Enmendada*, págs. 17-23 del apéndice.
[11] Véase págs. 37-42 del apéndice.
[12] Véase, Resolución, pág. 43 del apéndice.

Erró el TPI al abusar de su discreción al desestimar la demanda bajo la Regla 10.2 de Procedimiento Civil cuando las alegaciones de hecho claramente establecen dos causas de acción viables.

Erró el TPI al abusar de su discreción al no permitir la radicación de la demanda enmendada.

## II.

### A.

### La Moción de Desestimación

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, permite que el demandado solicite la desestimación de la demanda, antes de presentar una contestación. Las razones para solicitar la desestimación son las siguientes: (1) falta de jurisdicción sobre la materia, (2) falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento, (4) insuficiencia del diligenciamiento del emplazamiento, (5) dejar de exponer una reclamación que justifique la concesión de un remedio y (6) dejar de acumular una parte indispensable. *Costas Elena v. Magic Sport,* 2024 TSPR 13, 213 DPR —— (2024); *González Méndez v. Acción Soc.*, 196 DPR 213, 234 (2016).

El Tribunal Supremo de Puerto Rico ratificó en *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc.*, 2025 TSPR 1 y en *Costas Elena v. Magic Sport,* supra, las normas que rigen la desestimación de una demanda basada en el inciso 5 de la Regla 10.2, *supra.* Estas normas son las siguientes:

(1) La desestimación procede cuando de las alegaciones de la demanda, surge que alguna de las defensas afirmativas derrotara la pretensión del demandante.

(2) Al evaluar una moción de desestimación al amparo de la Regla 10.2 (5), *supra,* el tribunal tiene que tomar como ciertos todos los hechos bien alegados en la demanda, aseverados de manera clara y concluyente y que de su faz no dan margen a dudas.

(3) Los tribunales que atienden una moción basada en la Regla 10.5, *supra,* tienen que evaluar las alegaciones de la demanda conjuntamente, y de la forma más favorable para el demandante.

(4) Toda duda debe resolverse a favor del demandante.

(5) El demandado tiene que establecer con toda certeza que el demandante no tiene derecho a remedio alguno, bajo cualquiera estado de Derecho que se pudiera probar en apoyo a su reclamación. Véase, además, *Eagle Security v. Efron Dorado et al*, 211 DPR 70, 84 (2023).

La privación de un litigante de su día en corte solo procede en casos extremos. La desestimación al amparo de la Regla 10.2(5), *supra*, prosperará si luego de realizar el análisis requerido, el tribunal entiende que no se cumple con el estándar de plausibilidad. Los tribunales no pueden dar paso a una demanda insuficiente bajo el pretexto de que las alegaciones conclusorias podrán ser probadas con el descubrimiento de prueba. *Costas Elena v. Magic Sport, supra.*

La demanda no deberá desestimarse a menos que se demuestre que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar. *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra, pág. 429; Reyes v. Sucn. Sánchez Soto*, 98 DPR 305, 309 (1970); *Boulon v. Pérez*, 70 DPR 988, 993 (1950). Tampoco procede la desestimación si la demanda es susceptible de ser enmendada. *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra; Clemente v. Depto. de la Vivienda,* 114 DPR 763, 771 (1983). Se trata de considerar, si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida. *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra; Pressure Vessels P.R. v. Empire Gas P.R.,* 137 DPR 497, 505; *Unisys v. Ramallo Brothers*, 128 DPR 842, 858 (1991).

**B.**

**La Responsabilidad Civil Extracontractual**

Los actos y omisiones en los que intervenga culpa o negligencia son fuentes de obligaciones que generan responsabilidad civil extracontractual. El Art. 1536 del Código Civil

de 2020, 31 LPRA sec. 1080, preceptúa que "aquel que por acción u omisión causa daño a otro, viene obligado a reparar el daño causado".

El promovente de una reclamación por daños y perjuicios debe establecer: (1) un daño real, (2) el nexo causal entre el daño y la acción u omisión del demandado y (3) el acto u omisión culposo o negligente. *Lopez v. Porrata Doria*, 169 DPR 135, 150 (2006).

Sobre la culpa, se ha declarado que el concepto "es tan infinitamente amplio como la conducta de los seres humanos e incluye cualquier falta de una persona que produce un mal o daño". Es decir, incluye todo tipo de transgresión humana, tanto en el orden legal como en el orden moral. *Lopez v. Porrata Doria*, *supra*; *Colón v. Romero Barceló*, 112 DPR 573, 579 (1982); *Reyes v. Sucn. Sánchez Soto*, 98 DPR 305, 313 (1970). Una persona se conduce de manera culposa cuando no obra como una persona de diligencia normal u ordinaria, es decir, como un buen padre de familia, conforme a las circunstancias del caso. De manera que precisa evaluar cómo se hubiese desenvuelto en una situación parecida una persona de prudencia común u ordinaria. La culpa "es la falta del debido cuidado, que a la vez consiste en no anticipar y prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente habría de prever en las mismas circunstancias". *Lopez v. Porrata Doria, supra*, pág. 151; *Toro Aponte v. E.L.A.*, 142 DPR 464, 473 (1997).

Por otra parte, todo acto u omisión que exceda manifiestamente los límites normales del ejercicio de un derecho, que ocasione daño a tercero, ya sea por la intención de su autor, por su objeto o por las circunstancias en que se realice, da lugar al correspondiente resarcimiento y a la adopción de medidas cautelares. 31 LPRA sec. 5337. Dicho artículo codifica el fundamental postulado jurídico que exige que todo derecho o

facultad que la ley consagre, se ejercite siempre razonable, justa y legítimamente, es decir codifica la doctrina de abuso del derecho en su vertiente subjetiva que ve el abuso del derecho en el ejercicio del mismo, bien fuere con la intención de dañar, o sin verdadero interés para el que lo ejercite y en la objetiva, que percibe el abuso en el ejercicio anormal del derecho, contrariando los fines económicos o sociales para los que fue creado. *Soriano Tavarez v. Rivera Anaya*, 108 DPR 663, 671 (1979).

## C.

### Persecución Maliciosa

La persecución maliciosa consiste en la presentación maliciosa, sin causa de acción probable, de un proceso criminal o civil contra una persona, el cual le produce daños. *Toro Rivera et als. v. E.L.A et al.,* 194 DPR 393,408 (2015); *Garcia v. ELA*, 163 DPR 800, 810 (2005). Esta acción procede cuando un sujeto sigue "todas las formalidades legales requeridas pero las 'pervierte' o 'corrompe' al actuar maliciosamente y sin causa de acción probable". *Id.*

En nuestra jurisdicción es norma establecida la inexistencia de la acción de daños y perjuicios como consecuencia de un pleito civil. *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043,1074 (2020). Por lo general, las normas procesales del ámbito civil acogen reglas específicas que sancionan a los litigantes que hayan incurrido en temeridad como lo son las costas y los honorarios de abogado. 32 LPRA Ap. V, Reg. 44. Ahora bien, de forma excepcional, el ordenamiento puertorriqueño reconoce la procedencia de una acción de daños y perjuicios por persecución maliciosa, cuando los hechos del caso revelan circunstancias extremas en que se acosa al demandante con pleitos injustificados e instituidos maliciosamente. *García v. E.L.A., supra.*

La acción denominada persecución maliciosa surge *ex delicto* y se ejercita para la reclamación de daños y perjuicios, a la persona,

propiedad o reputación, que han ocurrido como consecuencia inmediata de una acción civil o criminal que ha sido establecida anteriormente, que se inició o siguió con malicia y sin causa probable, y terminó sin resultado alguno. Esto es lo que constituye un daño o perjuicio. La característica de la acción es que al demandante se le ha sometido indebidamente a un proceso de ley que le ha ocasionado perjuicio. *Pérez v. Ruíz,* 19 DPR 342, 345 (1913).

Los requisitos esenciales para que prospere una causa de acción por persecución maliciosa son los siguientes: (1) que una acción civil fue iniciada, o un proceso criminal instituido, por el demandado o a instancias de éste; (2) que la acción, o la causa, terminó de modo favorable para el demandante; (3) que fue seguida maliciosamente y sin que existiera causa probable, y (4) que el demandante sufrió daños y perjuicios como consecuencia de ello. *García v. E.L.A.*, *supra*; *Fonseca v. Oyola*, 77 DPR 525, 528 (1954).

### III.

En el caso que nos ocupa, los apelantes señalan que erró el foro primario al desestimar la causa de acción al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra*. Por otro lado, sostienen que abusó de su discreción el foro apelado al no permitir la radicación de la demanda enmendada. Les asiste la razón.

Dando como ciertos todos los hechos bien alegados de la *Demanda* e interpretándolos a favor de los apelantes, la reclamación de epígrafe cumple con el requisito de plausibilidad. Como reseñamos, en nuestro ordenamiento "no existe *per se* la acción civil de daños y perjuicios como consecuencia de un pleito civil". *Conde Cruz v. Resto Rodríguez, supra*. Por ello, a modo de excepción, el Tribunal Supremo de Puerto Rico ha reconocido la causa de acción por persecución maliciosa en el ámbito civil "cuando los hechos del

caso revelan circunstancias extremas en que se acosa al demandante con pleitos injustificados e instituidos maliciosamente". *Id.*

Ahora bien, sabido es que "los tribunales deben conceder lo que en derecho proceda, aunque ello no haya sido perfectamente solicitado". *Ortiz v. P. R. Telephone,* 162 DPR 715, 723 (2004); *Soto López v. Colón,* 143 DPR 282, 291 (1997).

En el presente caso, los apelantes alegan que sufrieron daños por la *Demanda* que instó FirstBank en su contra en ejecución de hipoteca por un pagaré ya vencido. Puntualizaron que el pagaré, a favor del banco Santander, al momento en que se presentó la Demanda tenía más de 24 años de haber sido otorgado y estaba vencido. Afirmaron que, ejerciendo razonabilidad, conforme al momento en que FirtsBank presentó la demanda en su contra debió haber conocido que el pagaré estaba prescrito bajo el Código de Comercio y bajo la Ley de Transacciones Comerciales pues se había otorgado hacia 24 años. Reclamaron, que en ningún momento ni FirstBank ni el banco a quien se suscribió el pagaré a su favor, Santander, hicieron un intento de buena fe de cobrar alguna suma del principal o interés antes que venciera el pagaré. Afirmaron que aun cuando informaron a FirstBank que el pagaré estaba prescrito y no tenían causa de acción, el banco actuando con negligencia intencional y dolo insistió en demandarlos, hostigándolos e intimidándolos para intentar que hicieran un pago al cual no tenían derecho.

Sorprendentemente, en la Moción de Desestimación presentada por FirstBank, este reconoce que y citamos: "FirstBank Puerto Rico radicó el pleito SJ2022CV06529 ante la creencia que tenía una causa de acción y un pleito a su favor. FirstBank adquirió dicho préstamo de Banco Santander, al adquirir el mismo y en el

momento no contaban con evidencia del saldo de la deuda y gestiones realizadas si alguna."[13]

Los derechos han de ejercitarse conforme a las exigencias de la buena fe y de que la ley no ampara el abuso del derecho o su ejercicio antisocial. *Soriano Tavarez v. Rivera Anaya,* supra. En esta etapa, al comienzo de un pleito, tomando como ciertos todos los hechos bien alegados en la demanda, aseverados de manera clara y concluyente y que de su faz no dan margen a dudas, evaluando las alegaciones de la demanda conjuntamente, y de la forma más favorable para el demandante y resolviendo toda duda a su favor, ciertamente la reclamación es plausible. Parecería, de ser cierto lo alegado por los apelantes, en extremo imprudente, negligente, instar una acción contra una persona sin saber si la deuda reclamada, estaba liquida, vencida y, por lo tanto, exigible. Entonces unido a los reclamos de la parte demandante a los efectos de que advirtió a FirstBank y la propia aseveración del banco a los efectos de no contar con la evidencia del saldo de la deuda o gestiones sobre el mismo parecería indicar que prefirió obviar que de la faz del documento parecía estar prescrito o que no tenía la información suficiente para instar la reclamación.

Por otro lado, se desprende que FirstBank instó el pleito -SJ2022CV06529- con la creencia razonable de tener un crédito a su favor por parte de los apelantes. No obstante, según alega dicha parte tan pronto advino en conocimiento de que el pagaré venció, solicitó desistimiento del pleito en contra de los apelantes y la *Demanda* se desestimó con perjuicio. Esto solo cuatro días después de que el representante legal de los apelantes asumiera la representación. Minimizando así la reclamación instada.

---

[13] Véase página 13 del Apéndice, Moción de Desestimación.

Hemos revisado el expediente de la reclamación presentada por FirstBank contra los apelantes. Allí en la Demanda FirstBank afirmó, entre otras cosas que, la Corte Federal de Quiebras en el Caso Núm. 12-07031 (Cap. 7), había relevado a los deudores obligacionales del Préstamo Comercial #...4067 con el extinto Banco Santander Puerto Rico, hoy Préstamo Comercial #...3209 con FirstBank Puerto Rico, de su responsabilidad personal en cuanto a la deuda, según dispone el Código de Quiebra Federal.[14] Por lo que solo solicitaban la ejecución de su garantía prendaria hipotecaria. Suplicaban la ejecución de la prenda e hipoteca que gravaba el inmueble propiedad de la parte demandada. Ascendía la deuda reclamada a $11,993.75 de principal, $3,427.36 por concepto de intereses y $500.21 por recargos. Además de otras partidas por concepto de seguro y honorarios de abogado. Las partes allí demandadas, aquí apelantes solicitaron prórroga al tribunal para contratar representación legal en dos ocasiones y el foro así concedió.[15] Sorprendentemente, 4 días después de que el licenciado Carlos Sánchez La Costa asumiera representación legal de los apelantes y solicitará un término para presentar alegación responsiva FirstBank solicitó el desistimiento de la causa de acción conforme la Regla 39.1 (a) de Procedimiento Civil, petición que fue concedida por el foro según solicitada. Para FirstBank la demanda en el pleito civil SJ2022CV06529 fue radicada, y en 4 meses el pleito fue desistido con perjuicio de manera voluntaria. Entonces concluyen que el pleito no culminó de modo favorable para el demandante aquí apelante por lo que hay ausencia de uno de los requisitos de la causa de acción de persecución maliciosa. Para ellos, al momento en que FirstBank solicitó el desistimiento de la

---

[14] El Discharge of Debtor que se acompaña con la Demanda consta a nombre de Elvis Martinez Santana y Adriana Vázquez Rodriguez. Véase entrada 1, Anejo 2, en el SUMAC en el pleito civil SJ2022CV06529.

[15] Véase entrada 6 y 9 en SUMAC, pleito civil SJ2022CV06529.

demanda, en el pleito de ejecución de hipoteca los apelantes debieron haber solicitado la imposición de costas y honorarios de abogado. Este último argumento en abierta contradicción con lo resuelto por el Tribunal Supremo en *Pagan Rodríguez v. Rivera Schatz,* 206 DPR 277 (2021) relacionado a las diferencias relacionadas al desistimiento bajo la Regla 39.1 (a) (1) y la Regla 39.1 (b).

Por último, erró el foro recurrido al desestimar la causa de acción contra FirstBank por no aducir hechos que justifiquen la concesión de un remedio sin considerar el artículo 18 del Código Civil de 2020 en su análisis de plausibilidad. Sabido es que, en aras de hacer justicia, el tribunal puede conceder el remedio a que tenga derecho un reclamante, aunque este no haya sido perfectamente solicitado. Esto obedece a que el fin último de la adjudicación judicial es impartir justicia.

## IV.

Por los fundamentos antes expuestos, *revocamos* la sentencia apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Candelaria Rosa concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones