ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ANDINO Q. OLGUÍN ARROYO Y OTROS<br><br>Apelantes<br><br><br>v.<br><br><br>AIRBNB, INC. Y OTROS<br><br>Apelados | KLAN202400159 | Apelación procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil Núm.: SJ2023CV08009<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz, la jueza Mateu Meléndez y la jueza Prats Palerm

**Figueroa Cabán, Juez Ponente**


**SENTENCIA**


En San Juan, Puerto Rico a 18 de abril de 2024.

Comparecen el señor Andino Olguín Arroyo, en adelante el señor Olguín, y la señora Luisa Rosado Seijo, en adelante la señora Rosado, en conjunto los apelantes, quienes nos solicitan que revoquemos la *Sentencia Parcial* emitida el 11 de diciembre de 2023. Mediante la misma, el Tribunal de Primera Instancia, Sala de San Juan, en adelante TPI, declaró ha lugar la solicitud de desestimación presentada por Airbnb Payments, Inc., en delante Airbnb Payments o la apelada.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia Parcial* apelada.

Número Identificador

SEN2024_____

**-I-**

En el contexto de una *Demanda* sobre daños y perjuicios, los apelantes presentaron reclamos, entre otros, contra Airbnb Payments por mercadear los alquileres a corto plazo y manejar el sistema de pagos, producto de esta industria, de varias casas, para uso residencial exclusivo, en la Urbanización Villa Dos Pinos, San Juan, Puerto Rico.[1] Argumentaron que estas prácticas, culposas y negligentes, violan las cláusulas restrictivas o servidumbres en equidad de la Escritura Pública Núm. 57 de 27 de junio de 1952 y del Reglamento General y Cláusulas Restrictivas de la Asociación de Titulares de la Urbanización Villa Dos Pinos de 5 de junio de 2005, según enmendado.[2] Por esta razón, los apelantes entienden que Airbnb Payments agravió sus derechos propietarios, reales y constitucionales al pleno goce y disfrute de su propiedad.[3] En lo aquí pertinente, solicitaron al TPI que ordenara a Airbnb Payments a "respetar las cláusulas restrictivas oponibles *erga omnes* de la Urbanización Villa Dos Pinos, y a cesar y a paralizar de inmediato los ofrecimientos a través de su plataforma cibernética de todas las propiedades en la Urbanización Villa Dos Pinos como negocio de alquiler a corto plazo".[4]

Por su parte, Airbnb Payments presentó una *Moción de Desestimación Parcial*, en la que arguyó que no puede formar parte del pleito de epígrafe porque no tiene inherencia alguna en la operación de la

---

[1] Apéndice de los apelantes, págs. 176-294.
[2] *Id.*, págs. 181-182.
[3] *Id.*, págs. 184-190.
[4] *Id.*, pág. 238.

plataforma donde se publican las propiedades que están disponibles para alquiler a corto plazo en Puerto Rico.[5] Adujo que solo procesa, como intermediario, los pagos a los huéspedes y luego los remite a los diferentes "Hosts". También, especificó que la entidad a cargo de la plataforma para los alquileres a corto plazo es Airbnb, Inc. Por consiguiente, coligió que los hechos en la *Demanda* le adjudican unas responsabilidades a Airbnb Payments que legalmente no le corresponden y que, por esta razón, no podría proveerle a los apelantes el remedio que solicitan.

Posteriormente, los apelantes comparecieron mediante una *Oposición a Moción de Desestimación Parcial Presentada por Airbnb Payments, Inc.*, mediante la cual aludieron a la jurisprudencia interpretativa de la Regla 10.2 (5) de las de Procedimiento Civil.[6] Enfatizaron que antes de desestimar una reclamación, por no justificar la concesión de un remedio, el Tribunal debe dar por ciertas la alegaciones de la demanda y "razonar si a la luz de la situación más favorable al demandante, y resolviendo las dudas a favor de este, la demanda es suficiente para constituir una reclamación válida". De modo, que solo procede la desestimación si las alegaciones resultan insuficientes para deducir el derecho a los remedios solicitados. A su vez, insistieron que solo procede la desestimación cuando se desprende con toda certeza que el demandante no tiene derecho a remedio alguno. En su opinión, sus alegaciones son suficientes para la otorgación de los remedios exigidos a Airbnb Payments

---

[5] *Id.*, págs. 62-158.
[6] *Id.*, págs. 27-60.

porque la apelada aceptó y reconoció que procesa los pagos por las propiedades arrendadas en la Urbanización Dos Pinos. Así pues, los apelantes entienden que Airbnb Payments es una parte indispensable para ilustrar en el juicio en su fondo sobre las transacciones hechas a los "hosts", las fechas en que se ocuparon las residencias para los alquileres a corto plazo, entre otras. En fin, convinieron que por estas razones y por la etapa temprana de los procedimientos, no procede la desestimación parcial con perjuicio de la *Demanda*, a favor de la apelada.

Con el beneficio de la comparecencia de ambas partes, el TPI emitió una *Sentencia Parcial*, en la que declaró ha lugar la solicitud de desestimación parcial y como consecuencia, ordenó el cierre y archivo de la causa de acción presentada contra Airbnb Payments.[7]

En desacuerdo, los apelantes presentaron una *Solicitud de Reconsideración*, mediante la cual reiteraron algunos de los reclamos presentados en la oposición a la moción de desestimación y añadieron los siguientes: (1) Airbnb Payments "se enriqueció de todos los pagos que cobró a los huéspedes que perturbaron directamente la paz y tranquilidad de los demandantes, causándoles daños y perjuicios"; (2) aunque la apelada está fragmentada en varias entidades, ninguna puede eximirse de responsabilidad porque son parte de una misma operación comercial; (3) el Tribunal no debe conceder la solicitud de desestimación parcial porque "de expedirse el *injunction* permanente… se necesitará contar con

---

[7] *Id.*, págs. 25-26.

jurisdicción sobre la codemandada Airbnb Payments, Inc., para ejecutar las órdenes de cese y desistimiento dirigidas a detener el "procesamiento", cobro, pago y toda otra transacción monetaria por concepto de alquileres a corto plazo en la Urbanización Dos Pinos"; y (4) si se desestima la demanda contra Airbnb Payments, los apelantes serán privados de su derecho a desfilar prueba en el juicio en su fondo en contra de la apelada.[8]

Inconforme, Airbnb Payments se opuso a la reconsideración solicitada.[9] Arguyó que no es parte indispensable y ni el señor Olguín, ni la señora Rosado esbozaron ningún interés de la apelada en la controversia, de manera que el Tribunal puede dictar una determinación final sin su presencia. Además, adujo que "no surgen alegaciones en cuanto a causas de acción relacionadas al cobro indebido de cánones de arrendamiento por parte de Airbnb Payments", ni sobre el cobro o envío de dinero de parte de la apelada a los apelantes. Destacó que, en tanto no opera la plataforma para los alquileres a corto plazo, no es responsable de los daños reclamados. A su entender, "[l]a responsabilidad de velar por el cumplimiento de las condiciones restrictivas que imperan en la Urbanización Dos Pinos no es de Airbnb Payments, ni de ninguna entidad asociada a la plataforma de Airbnb, sino que le[s] corresponde a los titulares de cada una de esas propiedades…". Enfatizó que son los titulares, que han utilizado sus propiedades para alquiler a corto plazo, quienes han violado las condiciones

---

[8] *Id.*, págs. 10-24.
[9] *Id.*, págs. 3-8.

restrictivas y es contra estos que procede el recurso interdictal de cese y desistimiento. Finalmente, afirmó que Airbnb Payments no tiene control del uso de las propiedades que son publicadas, ni tiene conocimiento de las condiciones restrictivas de los millones de propiedades que son publicadas para alquiler.

Evaluada la posición de ambas partes, el TPI declaró no ha lugar la solicitud de reconsideración.[10]

Insatisfechos, los apelantes presentaron un *Recurso de Apelación* en el que alegan que el TPI incurrió en los siguientes errores:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA EN CONTRA DE LA CODEMANDADA APELADA AIRBNB PAYMENTS, INC., DE MANERA PREMATURA Y SUMARIA, BAJO LA REGLA 10.2(5) DE LAS DE PROCEDIMIENTO CIVIL DE PUERTO RICO, REGLA 10.2(5), 32 LPRA AP. V. R. 10.2(5), A PESAR DE QUE LOS DEMANDANTES APELANTES EXPUSIERON UNA RECLAMACIÓN QUE JUSTIFICABA LA CONCESIÓN DE UN REMEDIO, Y SIN PERMITIRLES TENER SU DÍA EN CORTE PARA PRESENTAR PRUEBA A SU FAVOR, SOBRE: (I) LA PARTICIPACIÓN DIRECTA, DELIBERADA Y A SABIENDAS, DE LA CODEMANDADA APELADA AIRBNB PAYMENTS, INC., EN EL NEGOCIO DE ARRENDAMIENTOS A CORTO PLAZO DE AIRBNB EN VIOLACIÓN A LAS CLÁUSULAS RESTRICTIVAS, OPONIBLES *ERGA OMNES*, DE LA URBANIZACIÓN VILLA DOS PINOS; Y (II) LA PARTICIPACIÓN DE LA CODEMANDADA APELADA AIRBNB PAYMENTS, INC., COMO CO-CAUSANTE DE LOS DAÑOS Y PERJUICIOS DE LOS DEMANDANTES.
>
> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA, ACOGIENDO LA TEORÍA DE LA CODEMANDADA APELADA AIRBNB PAYMENTS, INC., DE QUE ÉSTA ES UNA "PAYMENT PROCESSING COMPANY" Y UNA "TRANSACTION PROCESSING BUSINESS", SIN QUE AIRBNB PAYMENTS, INC., EN REALIDAD SEA, NI PUEDA PROBAR SER, UNA TERCERA INTERMEDIARIA, INDEPENDIENTE Y DESLIGADA DEL NEGOCIO DE ARRENDAMIENTOS A CORTO PLAZO DE AIRBNB.
>
> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA ACOGIENDO LA TEORÍA DE LA CODEMANDADA APELADA AIRBNB PAYMENTS, INC., DE QUE ÉSTA NO TIENE NADA QUE VER EN EL PLEITO; DE QUE NO ES PARTE INDISPENSABLE EN EL PLEITO; Y DE QUE NO TIENE INTERÉS EN EL MISMO. DE ESTA MANERA, EL TRIBUNAL DE PRIMERA INSTANCIA LE PRIVÓ EQUIVOCADAMENTE A LOS DEMANDANTES APELANTES DE SU DERECHO A DEMOSTRAR EN UNA VISTA EVIDENCIARIA: (I) QUE LA CODEMANDADA APELADA AIRBNB PAYMENTS,

---

[10] *Id.*, págs. 1-2.

INC., SÍ ES PIEZA FUNDAMENTAL, ACTIVA E INSTRUMENTAL EN LA OPERACIÓN COMERCIAL ILEGAL DE LOS ARRENDAMIENTOS A CORTO PLAZO QUE AIRBNB REALIZA IMPUNEMENTE EN LA URBANIZACIÓN VILLA DOS PINOS; Y (II) QUE AIRBNB PAYMENTS, INC., ES CO-CAUSANTE DE LOS DAÑOS Y PERJUICIOS DE LOS DEMANDANTES APELANTES.

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA EN CONTRA DE LA CODEMANDADA APELADA AIRBNB PAYMENTS, INC., Y PERMITIRLE A AIRBNB PAYMENTS, INC., CONTINUAR COBRANDO, PROCESANDO Y LUCRÁNDOSE DEL DINERO EXTRAÍDO DE LOS ARRENDAMIENTOS A CORTO PLAZO DE LAS PROPIEDADES SITAS EN LA URBANIZACIÓN VILLA DOS PINOS, A COSTA DEL DAÑO OCASIONADO A RESIDENTES COMO LOS DEMANDANTES APELANTES, Y A PESAR DE LA EXISTENCIA DE LAS CLÁUSULAS RESTRICTIVAS Y SERVIDUMBRE EN EQUIDAD IMPUESTAS MEDIANTE LA ESCRITURA PÚBLICA NÚM. 57 DE 27 JUNIO DE 1952, QUE PROHÍBEN DICHA ACTIVIDAD COMERCIAL; Y A PESAR DE QUE LOS DEMANDANTES APELANTES SOLICITARON CORRECTA Y OPORTUNAMENTE QUE SE EXPIDIERA EL REMEDIO INTERDICTAL ESTATUTARIO EN CONTRA DE AIRBNB PAYMENTS, INC., DE CONFORMIDAD CON EL ARTÍCULO 817 DEL CÓDIGO CIVIL DE PUERTO RICO, 31 LPRA SEC. 8085.

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA EN CONTRA DE LA CODEMANDADA APELADA AIRBNB PAYMENTS, INC., HABIENDO DICHA COMPAÑÍA ADMITIDO SER QUIEN COBRA Y PROCESA EL DINERO DE LOS ARRENDAMIENTOS A CORTO PLAZO DE AIRBNB PROHÍBIDOS EN LAS PROPIEDADES SITAS EN LA URBANIZACIÓN VILLA DOS PINOS; Y PEOR AÚN, ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL PERMITIR QUE LA REFERIDA COMPAÑÍA CONTINÚE COBRANDO, PROCESANDO Y ENRIQUECIÉNDOSE INJUSTAMENTE DEL DINERO PRODUCTO DE LOS ARRENDAMIENTOS A CORTO PLAZO ILÍCITOS QUE CONTRAVIENEN LAS CLÁUSULAS RESTRICTIVAS QUE GRAVAN TODAS LAS PROPIEDADES DE DICHO REPARTO RESIDENCIAL.

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ADMITIR EN EVIDENCIA Y OTORGARLE CREDIBILIDAD Y VALOR PROBATORIO A LA DECLARACIÓN JURADA DE LA SEÑORA RENEE JEWELL, DIRECTORA Y CFO DE AIRBNB PAYMENTS, INC., SIN QUE LA PARTE DEMANDANTE APELANTE TUVIERA LA OPORTUNIDAD DE REFUTAR DICHA EVIDENCIA EN UNA VISTA, Y, A SU VEZ, PUDIERA DESFILAR PRUEBA A SU FAVOR PARA CONTRAVERTIR LOS HECHOS ALEGADOS E INTENTADOS SOSTENER CON EL REFERIDO DOCUMENTO POR PARTE DE LA CODEMANDADA APELADA AIRBNB PAYMENTS, INC., EN SU *MOCIÓN DE DESESTIMACIÓN PARCIAL*.

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ADMITIR EN EVIDENCIA Y OTORGARLE CREDIBILIDAD Y VALOR PROBATORIO A UN CONTRATO INTITULADO "PAYMENTS TERMS OF SERVICE" DE LA CODEMANDADA APELADA AIRBNB PAYMENTS, INC., DEL CUAL LOS DEMANDANTES APELANTES NUNCA FUERON PARTES FIRMANTES, Y SIN QUE LA PARTE DEMANDANTE APELANTE TUVIERA LA OPORTUNIDAD DE REFUTAR DICHA EVIDENCIA EN UNA VISTA, Y, A SU VEZ, PUDIERA DESFILAR PRUEBA A SU FAVOR PARA CONTRAVERTIR LOS HECHOS ALEGADOS E INTENTADOS SOSTENER CON EL REFERIDO

DOCUMENTO POR PARTE DE LA CODEMANDADA APELADA AIRBNB PAYMENTS, INC., EN SU *MOCIÓN DE DESESTIMACIÓN PARCIAL.*

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO RECONOCER LA CUALIDAD *ERGA OMNES* DE LAS CLÁUSULAS RESTRICTIVAS INVOCADAS POR LOS DEMANDANTES APELANTES EN CONTRA DE LA CODEMANDADA APELADA AIRBNB PAYMENTS, INC.; Y AL ACOGER LA TEORÍA DE LA CODEMANDADA APELADA AIRBNB PAYMENTS, INC.; DE QUE NO EXISTE REMEDIO ALGUNO QUE EL TRIBUNAL DE PRIMERA INSTANCIA PUEDA OTORGAR EN CONTRA DE LA CODEMANDADA APELADA AIRBNB PAYMENTS, INC., NI QUE ÉSTA PUEDA ACATAR.

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO APLICAR AL CASO DE AUTOS LA NORMATIVA JURÍDICA SOBRE SOLICITUDES DE DESESTIMACIÓN QUE REQUIERE INTERPRETAR LAS ALEGACIONES DE FORMA CONJUNTA Y LIBERAL, Y DE LA MANERA MÁS FAVORABLE A LA PARTE DEMANDANTE.

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR PREMATURAMENTE LA DEMANDA EN CONTRA DE LA CODEMANDADA APELADA AIRBNB PAYMENTS, INC., PRIVÁNDOSE DE JURISDICCIÓN SOBRE DICHA CORPORACIÓN E INHABILITÁNDOSE PARA PODER EVENTUALMENTE ORDENARLE A LA CODEMANDADA APELADA AIRBNB PAYMENTS, INC., QUE CESE Y DESISTA DE CONTINUAR COBRANDO Y PROCESANDO EL DINERO PROVENIENTE DE LOS ARRENDAMIENTOS A CORTO PLAZO DE AIRBNB DE LAS PROPIEDADES GRAVADAS POR LAS CLÁUSULAS RESTRICTIVAS DENTRO DEL REPARTO RESIDENCIAL DE LA URBANIZACIÓN VILLA DOS PINOS.

Examinados los escritos de las partes, el expediente y la prueba documental, estamos en posición de resolver.

**-II-**

La desestimación es un pronunciamiento judicial que resuelve el pleito de forma desfavorable para el demandante sin celebrar un juicio en su fondo.[11] Cónsono con dicho propósito, la Regla 10.2 de Procedimiento Civil permite a un demandado presentar una moción antes de su contestación a la demanda, solicitando que se desestime la misma.[12] Específicamente, la Regla 10.2 reconoce varios

---

[11] Véase, R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6ta. Ed., Puerto Rico, *LexisNexis* (2017), sec. 3901, pág. 411; *Casillas Carrasquillo v. ELA*, 209 DPR 240, 247 (2022).

[12] Hernández Colón, *op. cit.*, sec. 2601, pág. 305; 32 LPRA Ap. V, R. 10.2; *Casillas Carrasquillo v. ELA*, *supra*.

supuestos bajo los cuales es posible solicitar una desestimación, a saber:

> …(1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) **dejar de exponer una reclamación que justifique la concesión de un remedio**; (6) dejar de acumular una parte indispensable.[13]

"[A]l resolver una solicitud de desestimación fundamentada en que se deja de exponer una reclamación que justifica la concesión de un remedio, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente".[14] A su vez, los hechos bien alegados, deberán ser considerados de la forma más favorable a la parte demandante.[15] En consecuencia, nuestro ordenamiento procesal civil permite al demandado solicitar la desestimación de la reclamación cuando de las alegaciones de la demanda es evidente que alguna de las defensas afirmativas prosperará.[16]

Finalmente, ante una solicitud de desestimación, el tribunal deberá identificar los elementos que establecen la causa de acción y las meras alegaciones concluyentes que no pueden presumirse como ciertas.[17] Específicamente, deberá evaluar "si a la luz de la situación más favorable al demandante, y resolviendo

---

[13] Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. (Énfasis suplido).
[14] *Costas Elena v. Magic Sport Culinary Corp.*, 2024 TSPR 13, __ DPR __ (2024).
[15] *López García v. López García*, 200 DPR 50, 69 (2018); *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016); *Rivera Sanfeliz v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015). Véase, además, *Eagle Security Police, Inc. v. Efrón Dorado*, 211 DPR 70, 84 (2023).
[16] *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043 (2020); *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 701 (2012).
[17] Véase, Hernández Colón, *op. cit.*, sec. 2604, pág. 307; *Ashcroft v. Iqbal*, 556 US 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 US 544 (2007).

toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida".[18] Así pues, para prevalecer, el demandado deberá probar que el demandante no tiene derecho a remedio alguno, aun interpretando la demanda de la manera más liberal a su favor.[19]

**-III-**

Los apelantes alegan que la desestimación de la demanda contra Airbnb Payments es improcedente por la etapa temprana de los procedimientos en que se dicta y porque la apelada admitió continuar cobrando los pagos por alquiler a corto plazo de varias propiedades sitas en la Urbanización Villa Dos Pinos. Ello, a pesar de las condiciones restrictivas existentes, que limitan a los propietarios a usarlas como residencia. También, arguyen, que los hechos bien alegados, tomados como ciertos, demuestran que tenían derecho a presentar prueba que justificara su reclamación, específicamente, sobre la participación de la apelada en el negocio de arrendamientos a corto plazo y su contribución en la generación de los problemas y sufrimientos provocados por los huéspedes y algunos "hosts". Por esta razón, entienden que, al desestimar la demanda contra Airbnb Payments, el TPI les privó de obtener el remedio interdictal contra aquella para "detener el incremento sostenido de la actividad comercial de arrendamientos a corto plazo…" y de pasar prueba sobre las operaciones de la apelada y su

---

[18] *Pressure Vessels PR v. Empire Gas PR*, 137 DPR 497, 505 (1994). Véase, además, *Costas Elena v. Magic Sport Culinary Corp.*, *supra*.
[19] *López García v. López García*, *supra*; *SLG Sierra v. Rodríguez*, 163 DPR 738, 746 (2005). Véase, además, *Cobra Acquisitions, LLC v. Mun. Yabucoa*, 210 DPR 384, 396 (2022).

porciento de responsabilidad para la contribución de los daños.

En cambio, la apelada arguye que "no podría ser responsable por los hechos de la Demanda ya que solo tiene el rol de procesar [los] pagos de los alquileres que se realizan a través de la plataforma Airbnb". A su vez, aduce que "Airbnb Payments no maneja la plataforma donde se publican los anuncios de las propiedades objeto de la controversia en el caso de epígrafe". En su opinión, "el procesamiento de [los] pagos de los alquileres a corto plazo en nada incide sobre la adjudicación de los daños y evaluación de la procedencia del interdicto solicitado". Además, alega que los apelantes no demostraron ser usuarios de la plataforma de alquileres, ni que el procesamiento de pagos por parte de Airbnb Payments les ha generado daños. Finalmente, afirma que quienes han violentado las servidumbres en equidad son los titulares de la Urbanización Villa Dos Pinos, porque son estos y no Airbnb Payments, los que tienen control de la propiedad y deciden alquilarla a corto plazo.

Por estar estrechamente relacionados, discutiremos los señalamientos de error conjuntamente.

No les asiste la razón a los apelantes. Veamos.

Aun tomando como ciertas las alegaciones, Airbnb Payments no responde por los daños alegados porque es un intermediario que solo procesa los pagos de alquiler a corto plazo. En otras palabras, no participa ni en la promoción ni en el otorgamiento de contratos de alquiler de unidades residenciales ubicadas en la Urbanización Villa Dos Pinos. La contención de los apelantes, en sentido contrario,

está basada en aseveraciones conclusorias y especulativas sobre las funciones de Airbnb Payments en la estructura de la plataforma de arrendamiento de bienes inmuebles a corto plazo de Airbnb, Inc.

Los apelantes suponen que Airbnb Payments tiene conocimiento de las condiciones restrictivas de las propiedades que son promocionadas, por decisión de los propietarios, para alquiler a corto plazo. Sin embargo, ello es completamente ajeno a las funciones de intermediario de pago que corresponden a la apelada en el negocio de arrendamiento de inmuebles a corto plazo.

Como si lo anterior fuera poco, en la *Demanda* no se incluye ninguna reclamación relacionada con las funciones de Airbnb Payments como intermediario o agente de pago.

Por otro lado, los daños reclamados por los apelantes se deben a las acciones de algunos "hosts" y huéspedes, totalmente ajenas a las operaciones de la apelada. Así pues, estos presuntos daños son el resultado de la decisión de varios titulares de alquilar residencias de la Urbanización Villa Dos Pinos, a través de la Plataforma de Airbnb, Inc., sobre la cual Airbnb Payments no tiene inherencia alguna.

De modo, que es contra estos y no contra el intermediario de pago de la plataforma que debe ir dirigido el remedio de *injunction*.

Finalmente, conviene destacar que el contrato de arrendamiento compromete a los dueños de las residencias en la Urbanización Villa Dos Pinos y a los huéspedes. Por consiguiente, Airbnb Payments es

completamente ajena a dicho negocio jurídico y bajo ningún supuesto razonable puede considerase una parte sin la cual no se pueda conceder un remedio en el pleito de epígrafe.

## -IV-

Por los fundamentos antes expuestos, se confirma la *Sentencia Parcial* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones