| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL IV | | |
| FEDERACIÓN DE INSTITUCIONES DE CUIDO PROLONGADO<br><br>Apelante<br><br>v.<br><br>OFICINA DEL PROCURADOR DE PERSONAS DE EDAD AVANZADA<br><br>Apelado | KLAN202400442 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm.: SJ2022CV07788<br><br>Sobre: Sentencia declaratoria |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de junio de 2024.

Comparece la Federación de Instituciones de Cuido Prolongado (apelante o FICPRO) y nos solicita la revocación de una *Sentencia,*[1] notificada el 4 de abril de 2024, por el Tribunal de Primera Instancia, Sala de San Juan (TPI o foro primario). En esta, el TPI desestimó la *Demanda*[2] de epígrafe que instó la FICPRO en contra de la Oficina del Procurador de Personas de Edad Avanzada (apelada o OPPEA).

Por los fundamentos que exponemos a continuación, confirmamos el dictamen apelado.

**I.**

La FICPRO es una organización sin fines de lucro, autorizada para hacer negocios en Puerto Rico, que agrupa más de 250 instituciones de cuido prolongado. Mientras que, la OPPEA es una entidad creada por la Ley del Procurador de las Personas de Edad

---

[1] Apéndice, págs. 152-164.
[2] Apéndice, págs. 1-12.

Avanzada del Estado Libre Asociado de Puerto Rico, Ley Núm. 76-2013, 1 LPRA secs. 721 *et seq.*, con el objetivo de atender y viabilizar la solución de problemas, necesidades y reclamos que tengan las personas de edad avanzada en las áreas de educación, salud, empleo, recreación, derechos civiles y políticos, entre otros.

Al amparo de la Regla 59 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 59, la FICPRO solicitó remedios ante el foro judicial por entender que la OPPEA, de forma continua, ha intervenido -sin justa causa ni orden judicial- en tres (3) hogares, a saber: Hogar *House of Love* o Casa Amparo en Humacao (15 de diciembre de 2021), el Hogar Carmen en Morovis (22 de abril de 2022) y el Hogar Semillas de Amor en San Juan (15 de junio de 2022). Surge de las alegaciones de la demanda que, sobre tales bases y por instrucciones de la presidenta de la FICPRO, los encargados del Hogar Carmen y del Hogar Semillas de Amor negaron acceso a los representantes gubernamentales de la OPPEA.

En su demanda destacó que, la OPPEA había radicado un recurso extraordinario (SJ2022CV00274) con anterioridad al presente caso, por situaciones similares con otros hogares. En esa ocasión, el TPI, mediante *Resolución* emitida el 18 de febrero de 2022, desestimó el recurso, no sin antes consignar que la OPPEA, puede realizar inspecciones, siempre y cuando, la solicitud de inspección cumpla con los parámetros aplicables a toda orden de registro y allanamiento en el ámbito administrativo. Expuso que, la OPPEA con posterioridad a la notificación de dicho pronunciamiento, realizó las referidas inspecciones en presunta violación a los derechos constitucionales aplicables a las órdenes de registro y allanamiento en el ámbito administrativo.

En reacción, la OPPEA instó una moción dispositiva al amparo de la Regla 10.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. Centralizó su principal argumento sobre la presunta falta

de legitimación activa de la FICPRO y sus miembros. Sostuvo que, a tenor con lo resuelto en *Col. Ópticos de P.R. v. Vani Visual Center*, 124 DPR 559, 565 (1989), las asociaciones tienen legitimación activa para vindicar derechos de su asociación como agrupación. Discutió además que, la FICPRO pretende obtener una opinión consultiva y atacar de su faz la Ley Núm. 76-2013, *supra.* A lo antes añadió que, tanto la OPPEA como el Procurador de los Residentes en Establecimientos de Cuidado de Larga Duración para Personas de Edad Avanzada, están facultados por distintos estatutos[3] para realizar inspecciones rutinarias, durante horas de visita o en el momento que sea requerido por circunstancias pendientes de investigación, sin previa orden de registro o allanamiento. Por todo lo antes, suplicaron al foro la desestimación de la causa instada en su contra.

La FICPRO se opuso al petitorio dispositivo instado. Ponderadas las posturas de las partes, el TPI emitió la *Sentencia* apelada. En esta, el foro primario determinó que, de la demanda no se desprende cómo las investigaciones o visitas de la OPPEA han provocado un daño o han afectado a la FICPRO como asociación. En ausencia de ello, concluyó que el recurso de sentencia declaratoria es improcedente.

Inconforme, la FICPRO acude ante esta Curia y señala los siguientes errores:

> Erró el Tribunal de Primera Instancia en la aplicación del derecho al desestimar la Demanda de forma sumaria al determinar que es improcedente el remedio de sentencia declaratoria por no tener legitimación activa el demandante, por no haber sufrido daños reales.

> Erró el Tribunal de Primera Instancia en la aplicación del derecho al determinar que la OPPEA está actuando dentro de sus facultades reglamentarias, al efectuar las inspecciones descritas en la Demanda.

---

[3] Véase, Ley Núm. 76-2013, *supra,* (Título 45 del CFR Capítulo 13, subsección C sobre *The Administration for Community Living*, parte 1324.11 (e)(2)) y la Ley de Procedimiento Administrativo Uniforme (Ley 38-2017; 3 LPRA secs. 9601 y *ss.*).

En cumplimiento con nuestra *Resolución* emitida el 10 de mayo de 2024, la apelada acreditó su alegato en oposición, por lo que, con el beneficio de las comparecencias de las partes, procedemos a resolver.

**II.**

**A. Sentencia declaratoria**

La sentencia declaratoria constituye una herramienta remedial que está codificada en la Regla 59.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V. A través de este recurso extraordinario, se permite "anticipar la dilucidación de los méritos de cualquier reclamación ante los tribunales, **siempre y cuando exista un peligro potencial contra quien lo solicita**." (Énfasis nuestro.) *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 109 (2020). El propósito de la sentencia declaratoria es disipar la incertidumbre jurídica cuando los hechos según alegados demuestran la existencia de una controversia sustancial entre unas partes con intereses legales adversos. *Íd.,* citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil,* 5ta ed., San Juan, Ed. Lexis Nexis, 2010, pág. 560.

**B. Doctrina de justiciabilidad y legitimación activa**

La doctrina de justiciabilidad limita la intervención de los tribunales a resolver controversias reales y definidas que afectan las relaciones jurídicas de partes antagónicas u opuestas. *Super Asphalt v. AFI y otro,* 206 DPR 803, 815 (2021). Es decir, que el principio de justiciabilidad requiere que exista un caso o controversia real para que los tribunales puedan ejercer válidamente el Poder Judicial. En ese sentido, nuestra intervención "tendrá lugar solo si existe una controversia genuina entre partes opuestas que tienen un interés real en obtener un remedio que afecte sus relaciones jurídicas". *Hernández, Santa v. Srio. De Hacienda,* 208

DPR 727, 738 (2022). Por tanto, una controversia no se considera justiciable cuando:

1) se procura resolver una cuestión política;
2) una de las partes carece de legitimación activa;
3) hechos posteriores al comienzo del pleito han tornado la controversia en académica;
4) las partes están tratando de obtener una opinión consultiva; o
5) se intenta promover un pleito que no está maduro. *Super Asphalt v. AFI y otro*, supra.

Así, pues, los tribunales debemos evaluar estos requisitos de origen constitucional antes de considerar y pronunciarnos sobre los méritos de una controversia. *Íd.* Como elemento esencial para la adjudicación de los méritos de una controversia, el principio de justiciabilidad impone a los tribunales el deber de evaluar si la parte que acude ante nuestra consideración posee legitimación activa. *Hernández, Santa v. Srio. De Hacienda*, supra, en las págs. 738-739. El Tribunal Supremo de Puerto Rico ha definido la legitimación activa como "la capacidad que se le requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante". *Bhatia Gautier v. Gobernador*, 199 DPR 59, 69 (2017).

Conforme a la doctrina de justiciabilidad, la parte que solicita un remedio judicial debe demostrar lo siguiente:

(1) ha sufrido un daño claro y palpable;
(2) el daño es real, inmediato y preciso, no abstracto o hipotético;
(3) existe una conexión entre el daño y la causa de acción ejercitada, y
(4) la causa de acción surge al palio de la Constitución. *Hernández, Santa v. Srio. De Hacienda*, supra, en las pág. 739 citando a *Bhatia Gautier v. Gobernador*, supra.[4]

Precisa señalar y atinente al recurso ante nos, el Tribunal Supremo estableció en *Col. Ópticos de P.R. v. Vani Visual Center,*

---

[4] Véase, además, *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 943 (2011).

supra, que, si la parte demandante es una asociación, ésta tiene legitimación para incoar una acción judicial por daños sufridos por la agrupación y para vindicar derechos de la entidad.

## C. Regla 10.2 de Procedimiento Civil

La Regla 10.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, viabiliza que un demandado solicite la desestimación de la causa de acción en su contra, antes de contestarla, si de las alegaciones de la demanda surge claramente que alguna de las defensas afirmativas derrotará la pretensión de la parte demandante. *Costas Elena y otros v. Magic Sport Culinary Corp. y otros,* 2024 TSPR 13, resuelto el 16 de febrero de 2024; *Eagle Security v. Efrón Dorado, et al.*, 211 DPR 70, 83 (2023). Particularmente, la Regla 10.2, *supra,* enumera los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra.*

Ante una solicitud de desestimación bajo el inciso (5) de la citada Regla 10.2 de Procedimiento Civil, el tribunal ha de tomar como ciertos todos los hechos claros y concluyentes, bien alegados en la demanda. *Costas Elena y otros v. Magic Sport Culinary Corp. y otros,* supra; *Casillas Carrasquillo v. ELA,* 209 DPR 240, 247 (2022). Asimismo, el tribunal deberá evaluar si la demanda es suficiente para constituir una reclamación válida, luego de interpretar las alegaciones, conjunta y liberalmente, de la forma más favorable a la parte demandante, y resolviendo toda duda a su favor. *Íd.*

Cabe destacar que, la desestimación de una demanda no procede, a menos que se desprenda con toda certeza que el

demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que pueda ser probado en apoyo a su reclamación. *Costas Elena y otros v. Magic Sport Culinary Corp. y otros,* supra. En ese sentido, nuestro más Alto Foro ha establecido que, una solicitud de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra,* va dirigida a los méritos de la controversia, no a aspectos procesales del caso. *Eagle Security Police, Inc. v. Efrón Dorado, S.E. y otros,* supra.

**III.**

En el presente caso, la apelante nos solicita que revisemos si el TPI actuó correctamente al desestimar su reclamación sobre sentencia declaratoria, al amparo de la Regla 10.2 de Procedimiento Civil, *supra.* Discute como primer señalamiento que, la ausencia de una reglamentación que regule las visitas de la OPPEA a los hogares de cuidado prolongado le ocasiona daños y violenta su derecho constitucional a registros razonables. Sobre tales bases argumenta que, el foro primario incidió al resolver que la FICPRO no sufrió un daño real y que carece de legitimación activa para instar la causa de epígrafe. La FICPRO alega como segundo error que, el foro primario se equivocó al determinar que la OPPEA actuó dentro de sus facultades reglamentarias al llevar a cabo las inspecciones alegadas en la demanda.

En reacción, la apelada se opone al recurso de epígrafe e insiste en que, aun tomando como ciertas las alegaciones de la FICPRO, su causa no es justiciable. Lo antes, en la medida en que, no surge de su reclamación cómo las investigaciones o visitas de la OPPEA afectaron a la FICPRO, como asociación, o a alguno de sus miembros de forma individual.

En lo atinente al primer señalamiento de error sobre la legitimación activa pudimos constatar que, aun tomando como ciertas las alegaciones de la demanda, no surge claramente cuál fue

el daño que presuntamente sufrió la FICPRO como resultado de las visitas investigativas objeto de este litigio. Como vimos, solo la OPPEA pudo acceder las facilidades del *Hogar House of Love* sin que la FICPRO hubiese demostrado cuáles daños sufrió producto de la referida visita. Con respecto al Hogar Carmen y al Hogar Semillas de Amor, surge del expediente que representantes de ambos hogares negaron la entrada a la OPPEA por lo cual imposibilita que estos hayan sufrido daños producto de un registro que no ocurrió. Añádase a ello que, la parte apelante tampoco nos ha puesto en posición para soslayar la doctrina establecida por el Tribunal Supremo en *Col. Ópticos de P.R. v. Vani Visual Center*, supra. La presente causa versa sobre alegados hechos de entidades independientes y no de la agrupación constituida en la FICPRO.

Reiteramos que, la doctrina de justiciabilidad exige que la FICPRO demuestre haber sufrido un daño claro y palpable para que se considere con legitimación activa para promover la presente causa de acción. Coincidimos con el TPI en que, la reclamación de epígrafe no es justiciable. El primer error no se cometió.

Con respecto al segundo señalamiento relacionado a las facultades reglamentarias de la OPPEA constatamos que, el Artículo 9(c) de la Ley Núm. 76-2013, 1 LPRA sec. 728, faculta a la OPPEA, por conducto de su Procurador a "[r]ealizar investigaciones, por su propia iniciativa o en relación con las querellas que investigue, obtener la información que sea pertinente […]" Análogamente, la Sección 6.1 de la Ley de Procedimiento Administrativo Uniforme (LPAU), Ley Núm. 38-2017, 3 LPRA sec. 9691, faculta a las agencias gubernamentales, entre otros, a realizar inspecciones para asegurar el cumplimiento de las leyes y reglamentos que administran, sin previa orden de registro o allanamiento, en casos de emergencias o cuando esté en riesgo la seguridad o salud pública.

Colegimos de la normativa antes reseñada que, la OPPEA goza de facultad en ley para llevar a cabo investigaciones dirigidas a salvaguardar el mejor bienestar de las personas de edad avanzada que están bajo el cuidado de centros de cuidado de larga duración. Como consecuencia, resolvemos que, las visitas que fueron objeto de impugnación por parte de la FICPRO caen dentro de facultades, poderes y deberes de la OPPEA. Coincidimos con el TPI con respecto a que, no existe un peligro potencial en contra de la FICPRO que justifique dictar sentencia declaratoria a su favor. El segundo error señalado no se cometió.

**IV.**

Por todo lo anterior, confirmamos la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones