ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JUAN CARLOS FERNÁNDEZ RICHARDS, MIGUEL JOSÉ FERNÁNDEZ RICHARDS t/c/c MIGUEL JUAN JOSÉ FERNÁNDEZ RICHARDS t/c/c MIGUEL FERNÁNDEZ y MARY JANE RITA RICHARDS BERRÍOS FERNÁNDEZ t/c/c MARY JANE FERNÁNDEZ<br><br>Recurridos<br><br><br>JOSÉ ENRIQUE FERNÁNDEZ BJERG<br><br>Peticionario<br><br>Ex Parte | KLCE202401062 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br><br><br>Sobre:<br>DECLARACIÓN DE INCAPACIDAD Y DESIGNACIÓN DE TUTOR<br><br><br>Caso Número:<br>SJ2024RF00221 |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de octubre de 2024.

Comparece José Enrique Fernández Bjerg ("señor Fernández Bjerg o peticionario") mediante una *Petición de Certiorari*. Nos solicita la revocación de una *Resolución* emitida el 12 de agosto de 2024 y notificada al día siguiente por el Tribunal de Primera Instancia, Sala Superior de San Juan ("TPI"). En virtud del referido dictamen, el TPI declaró *No Ha Lugar* la solicitud de desestimación a tenor con la Regla 10.2 de Procedimiento Civil[1], toda vez que las alegaciones contenidas en la acción judicial, de probarse, facultarían al tribunal a conceder un remedio.

Por los fundamentos que exponemos a continuación, *denegamos* la expedición del auto de *certiorari*.

**I.**

El 13 de febrero de 2024, el señor Juan C. Fernández Richards, el señor Miguel J. Fernández Richards y la señora Mary J. Richards Berríos,

---

[1] 32 LPRA Ap. V, R. 10.2.

los hijos y la cónyuge del aquí peticionario (en conjunto, "recurridos"), presentaron una *Petición Jurada* (*Ex Parte*), acompañada de amplia documentación, en la cual solicitaron la declaración de incapacidad del señor Fernández Bjerg y el nombramiento de tutor.[2]

Según alegaron los recurridos, este empezó a exhibir patrones de desconfianza hacia sus parientes y empleados de la empresa familiar el año 2020. Aseveraron, a su vez, que manifiesta una falta de memoria sobre eventos y conversaciones recientes. A raíz de tal conducta, detallaron que sus médicos en el año 2021 le efectuaron una batería de exámenes, cuyos resultados develaron que su comportamiento está asociado a síntomas generados por el déficit cognitivo leve. Sin embargo, indicaron que el peticionario ha optado por no someterse al tratamiento prescrito por sus médicos. Además, aseguraron que actualmente se encuentra en una etapa avanzada de su condición, mas no permite que sus familiares le asistan, y continúa al mando de asuntos importantes de la empresa familiar.

Al amparo de tales alegaciones, ese mismo día, los recurridos sometieron una *Urgente Solicitud de Medidas Cautelares.*[3] En esta, peticionaron que el tribunal decretara provisionalmente que el señor Fernández Bjerg carece de discernimiento suficiente para consentir y efectuar actos de administración o disposición de su patrimonio. Asimismo, solicitaron que le concediera a la señora Richard Berríos la autoridad de administrar sus bienes y los asuntos relacionados con su tratamiento médico.

En atención a la referida solicitud, el Ministerio Público por conducto de la Procuradora de Asuntos de Familia compareció el 28 de febrero de 2024 mediante un escrito intitulado *Réplica a Urgente Solicitud de Medidas Cautelares.*[4] En esencia, advirtió que la prueba médica anejada no concluye que el señor Fernández Bjerg se encuentra incapacitado para regir su persona y sus bienes. Por tanto, argumentó que le corresponde al tribunal

---

[2] *Apéndice del peticionario,* págs. 184-252.
[3] *Íd.*, págs. 169-180
[4] *Íd.*, págs. 163-168.

evaluar si tal solicitud responde a una emergencia. Sugirió, a su vez, examinar si existe otro remedio legal para atender la situación expuesta.

Tras considerar las posturas reseñadas, el 1 de marzo de 2024, el TPI emitió una *Resolución,* notificada el 4 de marzo de 2024, en la cual declaró *No Ha Lugar* la petición de medidas cautelares. Al respecto, emitió el siguiente pronunciamiento judicial:

> Por las razones esbozadas en el escrito presentado por la Procuradora, en este momento, se declara NO HA LUGAR la solicitud de imposición de medidas cautelares. El Tribunal señala Vista de Declaración de Incapacidad para el 15 de abril de 2024 a las 9:00am. El presunto incapaz deberá ser emplazado 30 días antes de la fecha de la vista. Una vez se emplace deberá ser notificado inmediatamente al Tribunal.[5]

Luego de una serie de trámites procesales, que no son necesarios pormenorizar, el 22 de abril de 2024, el señor Fernández Bjerg presentó una *Moción de Desestimación,* en la cual sostuvo que la prueba médica anejada a la *Petición Jurada* no respalda la alegación sobre la condición neurológica de alzhéimer atribuida por los recurridos.[6] Por tanto, argumentó que el examen jurídico no debe descansar en la condición alegada, sino que le corresponde al tribunal analizar la facultad que tiene la persona para tomar decisiones y administrar sus bienes. En vista de lo anterior, adujo que la causa de acción presentada no justifica la concesión de un remedio, por lo que, procede su desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil.

En respuesta, el 13 de mayo de 2024, los recurridos presentaron su *Oposición a Moción de Desestimación.*[7] En esencia, arguyeron que la evidencia pericial relativa a su causa de acción se presentará en el juicio. Expusieron que la norma vigente no requiere incluir un informe pericial que establezca científicamente el remedio solicitado al presentar la acción judicial. Puntualizaron, también, que decidieron presentar la *Petición Jurada* motivados en la conducta irracional desplegada por el señor Fernández Bjerg hacia su familia y sus empleados. En lo pertinente, enfatizaron que: (1) no sigue las políticas de manejo de riesgos en las inversiones, (2) ni somete

---

[5] Véase entrada (12) del Sistema Unificado de Manejo y Administración de Casos.
[6] *Íd.*, págs. 142-158.
[7] *Íd.*, págs. 123-141.

informes al ente regulador, y (3) ha fallado en emitir desembolsos de inversiones de capital, lo cual coloca en peligro inversiones millonarias de la empresa familiar.[8]

En respuesta a tales alegaciones, 10 de junio de 2024, el señor Fernández Bjerg sometió una *Réplica* a la solicitud de desestimación.[9] En este escrito, sostuvo que las alegaciones de la acción judicial no solo son vagas, remotas y aisladas, sino que son desacertadas pues ni siquiera muestran un atisbo de evidencia para rebatir la presunción de capacidad. Advirtió, además, que aunque el foro primario diera por cierto los hechos —lo que se niega rotundamente— estos no justifican la privación de su capacidad, libertad y poder decisional. Por tanto, considera que no debe someterse al proceso del juicio plenario.

De manera similar, el 3 de junio de 2024, el Ministerio Público representado por la Procuradora de Asuntos de Familia, presentó *Moción Cumplimiento de Orden*.[10]  Relató que en el mes de abril acudió a la oficina del señor Fernández Bjerg para conocerle y avisarle sobre su rol en el caso. Según lo detallado, "[l]a conversación fue amena y tranquila".[11] Así especificado, señaló que en nuestro ordenamiento jurídico la capacidad se presume. Al amparo de dicha presunción solicitó que el tribunal les concediera a los parientes recurridos el término de veinte (20) días para anunciar y presentar la prueba médica.

Por su parte, el 27 de junio de 2024, los recurridos radicaron su *Dúplica sobre Moción de Desestimación*, en la cual destacaron que el señor Fernández Bjerg solo insistió en que las alegaciones son insuficientes por ausencia de prueba médica.[12] Sin embargo, resaltaron que no discutió de forma particularizada tal argumento y aludió a jurisprudencia federal no vinculante a la controversia. Por tal razón, solicitaron que el foro primario

---

[8] *Íd.*, págs. 134 y 139.
[9] *Íd.*, págs. 112-120.
[10] *Íd.*, págs. 121-122.
[11] *Íd.*, pág.  122.
[12] *Íd.*, págs. 106-110.

decretara la continuidad de los procesos a los fines de celebrar el descubrimiento de prueba para obtener la evidencia necesaria.

Evaluados los argumentos de las partes, el 12 de agosto de 2024, el TPI emitió una *Resolución,* notificada al día siguiente*,* en la cual denegó la solicitud desestimatoria bajo el siguiente fundamento:

> **Por entender que de una lectura más liberal y haciendo las inferencia a favor de os Peticionarios éstos, de probar sus alegaciones, podrían tener derecho al remedio solicitado, [s]e declara NO HA LUGAR la Moción de Desestimación presentada por el presunto incapaz**. (Énfasis suplido).[13]

Oportunamente, el 28 de agosto de 2024, el señor Fernández Bjerg presentó una *Moción de Reconsideración.*[14] En esta, reiteró que las alegaciones presentadas en su contra están basadas en meras conjeturas de sus familiares sin valerse de apoyo médico. A su vez, resaltó que el informe médico rendido tres años atrás, el cual acompañó la *Petición Jurada,* estableció que es "[o]bvio que no hay riesgo físico, ni mental".[15] Ante tales fundamentos, solicitó que el tribunal evaluara la solicitud de desestimación teniendo en cuenta la presunción de capacidad que le asiste. Luego de considerar tales planteamientos, el 30 de agosto de 2024, el TPI dictó una *Resolución,* notificada ese día*,* en la cual declaró *No Ha Lugar* la reconsideración peticionada.[16] Eventualmente, continuaron los trámites judiciales. El 16 de abril de 2024, el tribunal decretó la celebración de una vista evidenciaria pautada para el 4 de noviembre de 2024.[17]

Inconforme con la *Resolución* que denegó la desestimación, el 30 de septiembre de 2024, el señor Fernández Bjerg recurrió ante este Tribunal de Apelaciones mediante una *Petición de Certiorari.* En su recurso, presentó el siguiente señalamiento de error:

> ERRÓ EL TPI AL NO DESESTIMAR LA SOLICITUD, TODA VEZ QUE ESTA NO EXPONE HECHO ALGUNO QUE AMERITE LA CONCESIÓN DE UN REMEDIO, E INCUMPLE CON EL ESTÁNDAR DE LA SUFICIENCIA DE LAS ALEGACIONES QUE EXIGE NUESTRO ORDENAMIENTO.

---

[13] *Íd.*, pág. 30.
[14] *Íd.*, págs. 17-22.
[15] *Íd.*, pág. 19.
[16] *Íd.*, pág. 16.
[17] Véase la *Minuta,* notificada el 18 de septiembre de 2024, la cual consta en la pág. 3 del *Apéndice del peticionario,* correspondiente a la conferencia sobre estados de procedimientos celebrada el 16 de septiembre de 2024.

Así sometido, el 1 de octubre de 2024, esta Curia emitió una *Resolución* en la cual ordenó a la parte recurrida a presentar su oposición a la expedición del auto de *certiorari* dentro del término de diez (10) días según requiere la Regla 37 del Tribunal de Apelaciones, 4 LPRA AP. XXII-B, R. 37.

## II.

### A. Recurso de certiorari

El auto *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021). *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020). Véase, también, Artículo 670 del Código de Enjuiciamiento Civil de 1933 de la Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva de este recurso "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera Gómez v. Arcos Dorados Puerto Rico*, 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

Ahora bien, el ejercicio de nuestra discreción judicial no es absoluto. A tales efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias que activan nuestras facultades revisoras ante las resoluciones interlocutorias:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Aunque la Regla 52.1 de Procedimiento Civil, *supra,* nos concede la facultad para revisar las determinaciones interlocutorias recurridas, "la expedición del auto y la adjudicación en sus méritos es discrecional". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). En armonía con lo anterior, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, preceptúa los criterios para la expedición de un auto de *certiorari*:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estas consideraciones orientan la función del foro apelativo para ejercer sabiamente la facultad discrecional. *Rivera Gómez v. Arcos Dorados Puerto Rico, supra,* pág. 209. A su vez, la precitada disposición reglamentaria permite que el análisis revisorio no se efectúe en el vacío ni en ausencia de otros parámetros. *800 Ponce de León Corp. v. American International Insurance, supra*, pág. 176.

En consonancia con tales preceptos, los tribunales revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013). En tal ejercicio discrecional, nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia

ante nuestra consideración. *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023).

Por último, es menester recordar que la denegatoria del auto de *certiorari* no implica la ausencia de error en el dictamen, cuya revisión se solicita, ni constituye una adjudicación en sus méritos. *Torres Martínez v. Torres Ghigliotty, supra,* pág. 99. En estos casos, la denegatoria es una facultad discrecional, que evita una intervención apelativa a destiempo con el trámite pautado por el foro de instancia. *Íd.* Por tanto, una vez se dicte sentencia final por parte del Tribunal de Primera Instancia, la parte afectada ostentará el derecho para presentar el recurso apelativo correspondiente. *Íd.* págs. 98-99.

### B. *Desestimación por insuficiencia en las alegaciones de una acción judicial*

Nuestro esquema procesal no exige requisitos complicados para la redacción de una acción judicial. *Rivera Candela v. Universal Insurance Company,* 2024 TSPR 99, 214 DPR ___ (2024); *León Torres v. Rivera Lebrón,* 204 DPR 20, 40 (2020). A esos fines, la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1, regula los elementos concernientes a las alegaciones, a saber: (1) una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio, y (2) una solicitud del remedio a que crea tener derecho. Podrán, también, ser solicitados remedios alternativos o de diversa naturaleza. 32 LPRA Ap. V, R. 6.1.

Basta redactar una información inicial escueta de los hechos pues las alegaciones serán ampliadas "como resultado de los procedimientos posteriores de descubrimiento de prueba". *Rivera Candela v. Universal Insurance Company, supra* (citando a J.A. Echevarría Vargas, *Procedimiento civil puertorriqueño,* 3a ed. rev., Bogotá, Ed. Nomos, S.A., 2023, pág. 92). Lo esencial es notificar a la parte adversa, a grandes rasgos, sobre cuáles son las reclamaciones en su contra para que pueda comparecer si así lo desea. *Torres, Torres v. Torres Serrano,* 179 DPR 481, 501 (2010); *Sánchez v. Aut. de los Puertos, Sánchez v. Aut. de los Puertos,* 153 DPR 559, 569-570 (2001).

No obstante, cuando la reclamación judicial instada carezca de alegaciones específicas o suficientes, la parte adversa tiene el derecho de solicitar la desestimación a tenor con la Regla 10.2(5) de Procedimiento Civil, *supra*, 32 LPRA Ap. V, R. 10.2(5). Véase, también, *Eagle Security Police, Inc. v. Dorado*, 211 DPR 70, 83 (2023). En específico, el precitado inciso reglamentario dispone que procede la desestimación por dejar de exponer una reclamación que justifique la concesión de un remedio. 32 LPRA Ap. V, R. 10.2(5). Ahora bien, como norma general, no procede la desestimación salvo se deduzca con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación. *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera*, 184 DPR 407, 423 (2012).

En estos casos, el tribunal tiene el deber de interpretar las alegaciones de manera conjunta y liberalmente a favor de la parte demandante para facilitar el amparo judicial. *Eagle Security Police, Inc. v. Dorado, supra*, pág. 85. Particularmente le compete "ponderar si, a la luz de la situación más favorable al demandante y resolviendo toda duda a su favor, la demanda es suficiente para establecer una reclamación válida". *Íd*. Ello evita que un litigante quede privado de su día en corte, que es una medida procedente solo en casos extremos. *Costas Elena v. Magic Sport Culinary Corp.,* 2024 TSPR 13, 213 DPR ___ (2024) (citando a R. Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, pág. 307).

Conviene señalar que, el Tribunal Supremo de Puerto Rico en *Acquisitions, LLC v. Municipio de Yabucoa*, 210 DPR 384, 397 (2022), discute el examen aplicable a las mociones fundamentadas en la insuficiencia de las alegaciones:

> [A]l interpretar de manera conjunta las citadas Reglas 6.1 y 10.2, podemos colegir que cuando se pretende desestimar la totalidad de una demanda que solicita remedios alternativos, se debe examinar si las alegaciones sustentan la concesión de dichos remedios. Es decir, como las alegaciones pretenden bosquejar las distintas reclamaciones y proveer a cada una de ellas unos remedios, una moción de desestimación sobre la totalidad de la demanda debe mover la conciencia del juzgador a concluir que, si al dar por cierto las alegaciones bien hechas, no existe remedio al que la parte tenga derecho. El juzgador deberá auscultar, en

ese sentido, si la parte demandante no tiene derecho alguno a que se ventile el pleito, ya sea al amparo del remedio principal o del alternativo.

Una vez el juzgador analice ponderadamente que, de manera principal o en la alternativa, no existe remedio alguno en derecho, se encontrará en posición para decidir si desestima total o parcialmente una demanda. *La Comisión de los Puertos de Mayagüez v. González Freyre*, 211 DPR 579, 615 (2023). Si luego comprende que no se cumple con el estándar de plausibilidad, entonces debe desestimar la acción judicial, pues no puede permitir que proceda una demanda insuficiente bajo el pretexto de que se probarán las alegaciones conclusorias con el descubrimiento de prueba. *Costas Elena v. Magic Sport Culinary Corp., supra*, (citando a R. Hernández Colón, *Derecho Procesal Civil, supra*, pág. 307). En cambio, si concluye que las alegaciones cumplen con el estándar de suficiencia le corresponde denegar la petición de desestimación.

### C. Acción judicial en torno a declaración de incapacidad mental

El Artículo 100 del Código Civil (2020) de la Ley Núm. 55-2020, 31 LPRA sec. 5601, según enmendada, concede una presunción de capacidad a la persona natural mayor de edad para obrar por sí misma. Véase, también, *González Hernández v. González Hernández,* 181 DPR 746, 759 (2011). Para rebatir tal presunción "solo se admite la sentencia de incapacitación absoluta o de restricción parcial de la capacidad por las causas y la extensión que determina la ley". 31 LPRA sec. 5601. En lo pertinente, el Artículo 110 de la referida ley permite que (1) el cónyuge, (2) los progenitores o (3) cualquier pariente con plena capacidad de obrar que tenga derecho a sucederle o (4) el defensor judicial designado por el tribunal solicite una declaración de incapacidad absoluta o parcial de una persona mayor de edad o un menor emancipado. 31 LPRA sec. 5631.

No obstante, es menester destacar que este procedimiento no es automático. Una vez la parte interesada radica la causa de acción, le corresponde probar los hechos alegados mediante un procedimiento ordinario y expedito de conformidad con el Artículo 113 del Código Civil,

*supra*, 31 LPRA sec. 5634. La precitada disposición legal establece que [l]a declaración de incapacitación se hace en juicio ordinario luego de cumplir con las exigencias del debido proceso de ley. 31 LPRA sec. 5634.

El Artículo 114 del Código Civil, *supra*, 31 LPRA sec. 5635 regula este proceso de la siguiente manera:

> **Antes de declarar la incapacitación de una persona, el tribunal recibe el dictamen de uno o de varios facultativos médicos, que traten las condiciones físicas, cognoscitivas o emocionales que limitan la capacidad de obrar del alegado incapaz. El juicio profesional versa sobre las condiciones del alegado incapaz que lo incapacitan para la toma de decisiones informadas sobre su persona y sus bienes o únicamente sobre sus bienes. El tribunal puede pedir y recibir otras pruebas que considere necesarias para hacer su determinación**. (Énfasis suplido).

Como imperativo del debido proceso de ley, el tribunal vendrá obligado a evaluar el estado mental del demandado cuando exista fundamento razonable para creer que está incapacitado y sea notificado sobre tal hecho. *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 160 (2000). Por su trascendencia, estos casos gozan de prioridad en el calendario del tribunal para su atención expedita de acuerdo con el Artículo 113 del Código Civil, *supra*, 31 LPRA sec. 5634.

### III.

En el caso presente, el señor Fernández Bjerg señala que incidió el foro primario al denegar la solicitud de desestimación pues la causa de acción sobre declaración incapacidad no expone hechos que motiven la concesión de un remedio. En específico, asevera que las alegaciones no descansan en prueba científica. Por tanto, considera que someterse a este proceso implica una privación a sus derechos constitucionales tales como la intimidad y la autonomía. En vista de tales argumentos, solicita la expedición del c*ertiorari* y la revocación del dictamen recurrido, toda vez que la *Petición Jurada* incumple con el estándar de suficiencia de las alegaciones.

Surge del expediente ante nos que el foro primario analizó las alegaciones de la acción judicial presente de conformidad con la Regla 10.2(5) de Procedimiento Civil*, supra.* En efecto, concluyó que los recurridos

"podrían tener derecho al remedio solicitado".[18] Consecuentemente, el señor Fernández Bjerg sometió una solicitud de reconsideración, la cual el tribunal declaró *No Ha Lugar*. En vista de ello, continuaron los trámites judiciales destinados a la celebración de una vista evidenciaria calendarizada para el 4 de noviembre de 2024.[19]

A la luz lo anterior, conviene reiterar que, como foro intermedio apelativo ostentamos la discreción para autorizar la expedición del auto de *certiorari* solicitado y adjudicar en el presente caso en sus méritos. *Rivera Gómez v. Arcos Dorados Puerto Rico, supra*, pág. 209 (2023); *IG Builders et al.* v. *BBVAPR, supra*, pág. 338. Ahora bien, al asumir el ejercicio discrecional, nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración. *Torres González v. Zaragoza Meléndez, supra*. Así expuesto, disponemos que tras examinar sosegadamente el expediente ante nuestra consideración nos corresponde abstenernos de ejercer nuestras facultades revisoras en esta etapa de interlocutoria de los procedimientos judiciales.

A pesar de que la Regla 52.1 de Procedimiento Civil, *supra*, nos concede la facultad para examinar la denegatoria de la moción de desestimación objeto del presente recurso, decidimos no activar nuestro ejercicio revisor en esta fase evaluativa. Recordemos, también, que nuestro ordenamiento jurídico nos habilita a intervenir solamente en aquellas instancias interlocutorias en las cuales medie una actuación arbitraria o caprichosa, un ejercicio de craso abuso de discreción, o una errónea interpretación o aplicación del derecho por parte del foro primario. No obstante, no contemplamos indicios de tales escenarios en el recurso de epígrafe a tenor con los parámetros orientativos de la Regla 40 del Tribunal de Apelaciones, *supra*. Por tanto, denegamos la expedición el auto de *certiorari*.

Por último, advertimos que este dictamen apelativo no prejuzga los méritos del caso, ni impide que una vez se dicte sentencia final por parte del

---

[18] Apéndice de peticionario, pág. 30.
[19] Apéndice del peticionario, pág. 3.

Tribunal de Primera Instancia, la parte afectada presente el recurso apelativo correspondiente. Véase *Torres Martínez v. Torres Ghigliotty, supra,* págs. 98-99.

## IV.

Por los fundamentos que anteceden, *denegamos* la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones